Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>MARIO A. CAMPOS HUERTAS<br><br>Apelante | KLAN202500065 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>JDC-2002G-0005<br>Salón Núm.; 0505<br><br>Sobre:<br>A-137-A Secuestro Agravado |

Panel especial integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece, el señor Mario A. Campos Huertas, por derecho propio y solicita la revisión de la *Resolución* emitida el 10 de enero de 2024 y notificada el 14 de enero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el referido dictamen, el Tribunal declaró "*no ha lugar*" la solicitud de corrección de sentencia, hecha por el apelante. Adelantamos que, por los argumentos esbozados a continuación, *se confirma* la *Resolución* objeto del recurso de revisión.

Según surge del expediente, el señor Campos Huertas está confinado en una institución correccional en el municipio de Ponce. Extingue una pena de sesenta y nueva (69) años por infracción al Art. 137 (A) del Código Penal de Puerto Rico de 1974, el cual tipificaba el

delito de secuestro agravado. 33 L.P.R.A. Sec. 4178ª. Así también el Art. 61 del referido Código por reincidencia. 33 L.P.R.A. Sec. 3301.

Varios años después de haberse dictado sentencia en su contra, el señor Campos Huertas presentó ante el Tribunal de Primera Instancia una *Moción de Corrección de Sentencia*. En esta adujo que, en lo que respecta a las penas impuestas por los delitos de los cuales resultó convicto procedía aplicar las disposiciones de las enmiendas presentadas por la Ley Núm. 246-2014 (2014 [Parte 3] Leyes de Puerto Rico 2381), que le fuesen más favorables. Ello, conforme al principio de favorabilidad contenido en el Art. 4 del referido Código Penal, 33 LPRA ant. sec. 5004. Examinada la moción descrita, el 10 de enero de 2025, el Tribunal la declaró "*no ha lugar*".[1]

Inconforme, el señor Campos Huertas recurre antes nosotros por derecho propio mediante presente recurso de *Apelación*. En síntesis, señala que erró el Tribunal de Primera Instancia al no aplicar el principio de favorabilidad a su sentencia, a pesar de que algunas de las enmiendas realizadas por la Ley Núm. 246-2014, *supra*, le eran más favorables.

En atención a lo anterior, el 4 de febrero de 2025, emitimos *Resolución* ordenando la comparecencia de las partes de conformidad con los procedimientos y los términos dispuestos. No obstante, transcurrido el término en exceso, el Pueblo de Puerto Rico no compareció, por lo que resolvemos sin el beneficio de su posición.

En nuestro ordenamiento jurídico rige el postulado básico de que la ley vigente es la que aplica al tiempo de cometerse los hechos

---

[1] La *Resolución* fue notificada el 14 de enero de 2025.

delictivos. *Pueblo v. González*, 165 DPR 675, (2005). Sin embargo, siguiendo la doctrina continental europea, en nuestra jurisdicción se ha adoptado el principio de favorabilidad. *Pueblo v. Torres Cruz*, 194 DPR 53 (2015). Este establece que si una ley penal cuyos efectos resultan en un tratamiento más favorable para una persona acusada se aprueba con posterioridad a la comisión de los hechos delictivos, esta debe aplicarse retroactivamente, de modo que la persona acusada disfrute de sus beneficios. *Pueblo v. Torres Cruz*, *supra*.

Sin embargo, en nuestro ordenamiento jurídico se han adoptado las llamadas cláusulas de reserva, las cuales cumplen con el propósito de asegurar la aplicación de leyes que han sido derogadas o enmendadas a los hechos ocurridos durante el periodo en que estuvieron vigentes, al margen de si resultan más favorables o desfavorables para la persona acusada. *Pueblo v. González, supra*. Dicho de otro modo, las cláusulas de reserva constituyen una limitación al principio de la favorabilidad, que en cualquier caso tienen raigambre estatutario y no constitucional. *Pueblo v. Torres Cruz, supra*.

Así pues, el Art. 303 del Código Penal de 2012 incorporó una cláusula de reserva, la cual dispone que "[l]a conducta realizada con anterioridad a la vigencia de este código en violación a las disposiciones del Código Penal aquí derogado o de cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho". 33 LPRA sec. 5412.

En cuanto a la aplicación del principio de favorabilidad establecido en el Art. 4 del Código Penal de 2012, *supra* —a la luz de la cláusula de reserva contenida en su Art. 303, *supra*— la profesora

Dora Nevares-Muñiz comenta que aplicará "a conducta delictiva realizada a partir de 1 de septiembre de 2012 cuando se apruebe una ley que sea más favorable que el Código Penal según vigente al momento de aprobación de la ley posterior con respecto a la situación de la persona". D. Nevares-Muñiz, Derecho penal puertorriqueño, 7ma ed. rev., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2015, pág. 102. Véase, además, *Pueblo v. DiCristina Rexach*, 204 DPR 779. Es decir, el principio de la favorabilidad no aplicaría a conducta realizada antes de la vigencia del Código Penal en cuestión, pero sí de forma prospectiva a hechos delictivos ocurridos a partir de su vigencia. *Íd*.

Por otra parte, el 26 de diciembre de 2014 se aprobó la Ley Núm. 246-2014. El referido estatuto introdujo una serie de cambios al Código Penal de 2012 sin incluir una cláusula de reserva que prohíba su aplicación retroactiva a las disposiciones del Código Penal de 2012. Por tal razón, el principio de favorabilidad opera de pleno derecho entre dichas enmiendas y tal código. *Pueblo v. DiCristina Rexach*, *supra*.

En el presente recurso, el señor Campos Huertas alega que, a tenor con las enmiendas realizadas al Código Penal de 2012, por virtud de la Ley Núm. 246-2014, *supra,* procedía la reducción de la pena impuesta por los delitos por los cuales fue sentenciado. No obstante, según reseñamos, la cláusula de reserva que contiene el Art. 303 del Código Penal de 2012, *supra,* prohíbe que se utilicen las disposiciones del Código Penal de 2012 o sus enmiendas para juzgar la conducta delictiva cometida previo a la vigencia del referido estatuto. Por tanto, la cláusula de reserva contenida en el Código Penal de 2012 constituye una limitación al principio de favorabilidad contenida en el Art. 4 del

Código Penal de 1974, e impide que el Código Penal de 2012 pueda ser aplicado retroactivamente como ley penal más favorable para el señor Campos Huertas.

Así pues, en vista de que en este caso los hechos delictivos ocurrieron con anterioridad a la vigencia del Código Penal de 2012, esto es, cuando aún estaba vigente el Código Penal de 1974, el peticionario no es acreedor del principio de favorabilidad. En conclusión, resolvemos que actuó correctamente Tribunal de Instancia al declarar "*no ha lugar*" la *Moción de Corrección de Sentencia* presentada por el señor Campos Huertas.

Por las consideraciones expuestas, *se confirma* la *Resolución* objeto del recurso de revisión.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones